IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID ANTHONY SCOTT,

    Plaintiff,

vs.                                Civil Action 2:11-CV-550
                                    Judge Sargus
                                    Magistrate Judge King

OFFICER RALPH JARRELL, et al.,

    Defendants.

## OPINION AND ORDER

    Plaintiff, who is proceeding without the assistance of counsel, has filed a civil action in this Court naming as defendants two police officers of the Columbus Division of Police, as well as the City of Columbus.[1] Although the nature of plaintiff's claim is not entirely clear, it appears that plaintiff seeks a criminal prosecution in connection with events that are alleged to have occurred in May 1997.[2] This matter is now before the Court on its own motion, the Court having concluded that it lacks jurisdiction to entertain plaintiff's claim.

    The statutes that plaintiff seeks to enforce in this action, *i.e.*, 18 U.S.C. §§ 241, 242, 245, are criminal statutes. The general rule is that a private right of action cannot be maintained under a criminal statute. *American Postal Workers Union, AFL-CIO, Detroit Local v.*

---

[1] The *Complaint*, Doc. No. 2, was filed on June 22, 2011. Plaintiff, who is not proceeding *in forma pauperis*, has apparently made no attempt to effect service of process on any of the named defendants. *See* Fed. R. Civ. P. 4(m)(claims against any defendant not served with process within 120 days must be dismissed).

[2] Plaintiff has attached to the *Complaint* a document captioned "Criminal Complaint" which purports to charge the named defendants, as well as the Columbus Department of Public Safety and the Columbus Division of Police, with criminal charges under 18 U.S.C. §§ 241, 242, 245. *Complaint*, p. 5

*Independent Postal System of America, Inc.*, 481 F.2d 90, 93 (6th Cir. 1973). *See also United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. July 9, 2003)(there is no private right of action under either 18 U.S.C. §§ 241, 242) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)); *Howard v. Ohio Supreme Court*, 2008 WL 148890, *8 (S.D. Ohio January 14, 2008)(18 U.S.C. §245 is a criminal statute that does not give rise to a civil cause of action). It is the United States Attorney – not a private citizen – who is authorized to "prosecute . . . all offenses against the United States" within each district. 28 U.S.C. § 547(1).

Because plaintiff lacks standing to file a criminal complaint, this Court lacks jurisdiction to entertain his claims in this case. *See Booth v. Henson*, 290 Fed. Appx. 919, 921 (6th Cir. September 5, 2008).

Plaintiff also asks to set aside the judgments entered in earlier actions filed by him in this Court, *Scott v. City of Columbus*, 2:02-CV-528; *Scott v. City of Columbus, OH*, 2:03-CV-115. Doc. Nos. 5, 6. Final judgments were long ago entered in those actions, and plaintiff does not explain why those judgments should be vacated. Under these circumstances, plaintiff's motions, Doc. Nos. 5, 6, are **DENIED**.

**WHEREUPON** this action is hereby **DISMISSED** for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

1-4-2012
Date

Edmund A. Sargus, Jr.
United States District Judge